## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA ROBINSON and JOHNNY, | : | CIVIL ACTION NO. 1:07-CV-1751 |
| ROBINSON, individually and as the | : | |
| parents of minor plaintiff, J.R., | : | (Judge Conner) |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC HICKS, TINA KING, | : | |
| THE CITY OF HARRISBURG, | : | |
| SHARON BOLOGNESE, and CPYSL, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

In this civil rights action, plaintiffs allege that defendants discriminated against them in violation of 42 U.S.C. § 1981.[1]  Defendants are the managers and administrators of the Central Pennsylvania Youth Soccer League ("CPYSL" or "the league"), which operates youth soccer programs in the region surrounding Harrisburg, Pennsylvania.  CPYSL and its president, defendant Sharon Bolognese ("Bolognese")[2] have filed a motion to dismiss (Doc. 24) plaintiffs' § 1981 claims.  For the reasons that follow, the motion will be denied.

---

[1]The complaint alleges additional claims under 42 U.S.C. § 1983.  The pending motion does not pertain to these claims.

[2]Defendants Eric Hicks, Tina King, and the City of Harrisburg are not parties to the pending motion.  The court will discuss their alleged conduct only to the extent necessary to provide factual context for the claims against the moving defendants.

## I.   __Factual Background__[3]

Plaintiffs Angela Robinson, who is Caucasian, and Johnny Robinson, who is

African American, (hereinafter "Angela" and "Johnny," respectively and

collectively "the Robinsons") registered their ten-year-old daughter, plaintiff J.R.,[4]

in a youth soccer club administered by CPYSL.  (Doc. 16 ¶¶ 8, 13-14.)  The league

collects enrollment fees, coordinates game schedules, maintains league records, and

administers a grievance and appeals process to handle disputes pertaining to club

activities.  (Id. ¶¶ 13, 22.)  In April 2007, the president and coach of the club,

defendant Eric Hicks ("Hicks"), was speaking to J.R.'s team in advance an

upcoming game when he stated:  "[W]e're going to 'kick those white girls' butts,'"

referring to members of the opposing team.  (Id. ¶ 15.)  Hicks instructed team

members not to relay this comment to their parents; however, J.R. took offense to

the remark and discussed it with the Robinsons.  (Id. ¶¶ 16, 20.)  Hicks allegedly

made similar malapropos comments on other occasions.  (Id. ¶ 15.)

The Robinsons spoke with Bolognese about the impropriety of Hicks's

comments.  (Id. ¶ 17.)  According to the complaint, Bolognese refused to respond to

---

[3]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

[4]Plaintiffs' counsel has included J.R.'s complete name in the complaint despite the requirements Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(d)(2).  The court will identify J.R. by her initials and instruct the clerk of court to amend the docket accordingly.

their concerns and suggested that the Robinsons transfer J.R. to another club.  (<u>Id.</u>

¶¶ 17-18) As a result of these conversations, the Robinsons were allegedly prohibited

from attending the club's soccer games, and J.R. was discharged from the team.

(<u>Id.</u> ¶ 19.)  Bolognese allegedly prevented plaintiffs from appealing these sanctions

through the league's grievance process.  (<u>Id.</u> ¶¶ 13, 28.)  The court notes that the

complaint does not specify what measures she took to prevent an appeal by the

Robinsons.

Plaintiffs commenced the instant action on September 26, 2007 and filed an

amended complaint in April 2008.  Bolognese and CPYSL move to dismiss the

§ 1981 claim on the ground that the complaint contains insufficient factual

allegations to support it.  The parties have fully briefed this issue, which is now ripe

for disposition.[5]

## II.   <u>**Standard of Review**</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all [factual] allegations in the complaint and all

---

[5]Defendants also moved to dismiss claims arising under the Thirteenth
Amendment to the United States Constitution; however plaintiffs' brief in
opposition states that plaintiffs do not intend to assert such a claim.  (Doc. 28 at 13.)
The court will therefore deny the motion to dismiss as moot with regard to this
claim.  Of course, plaintiffs' representation to the court will prevent them from
raising a Thirteenth Amendment claim at a later point during this litigation without
first amending the complaint in accordance with Rule 15 of the Federal Rules of
Civil Procedure.

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir.2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to "give the defendant notice of what the ... claim is and the grounds upon which it rests." <u>Sershen v. Cholish</u>, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting <u>Erickson v. Pardus</u>, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  <u>See</u> FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary

4

element." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting

<u>Twombly</u>, 550 U.S. at ---, 127 S. Ct. at 1965).  Under this liberal pleading standard,

courts should generally grant plaintiffs leave to amend their claims before

dismissing a complaint that is merely deficient.  <u>See</u> <u>Grayson v. Mayview State</u>

<u>Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.

2000).

**III.**   **<u>Discussion</u>**

Bolognese and the league move to dismiss plaintiffs' claims arising under 42

U.S.C. § 1981.  Section 1981 was enacted to "abolish all the remaining badges and

vestiges of the slavery system." <u>Mahone v. Waddle</u>, 564 F.2d 1018, 1030 (3d Cir.

1977).  It states, in pertinent part:

> All persons within the jurisdiction of the United States shall have the
> same right in every State and Territory to make and enforce contracts,
> to sue, be parties, give evidence, and to the full and equal benefit of all
> laws and proceedings for the security of persons and property as is
> enjoyed by white citizens, and shall be subject to like punishment,
> pains, penalties, taxes, licenses, and exactions of every kind, and to no
> other.

42 U.S.C. § 1981(a).  The statute creates a cause of action against all individuals that

engage in discriminatory acts with its purview.  No state action is required.  <u>See</u> <u>id.</u>

§ 1981(c); <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001).  To state a

claim under § 1981, a plaintiff must generally allege "(1) [that plaintiff] is a member

of a racial minority; (2) intent to discriminate on the basis of race by the defendant;

and (3) discrimination concerning one or more of the activities enumerated in the

statute[,] which includes the right to make and enforce contracts . . . ." <u>Id.</u>

(alterations and omission in original) (quoting <u>Yelverton v. Lehman</u>, No. Civ.A. 94-6114, 1996 WL 296551, at \*7 (E.D. Pa. June 3, 1996), <u>aff'd</u>, 175 F.3d 1012 (3d Cir. 1999) (mem.)).  However, a white plaintiff also possesses standing to assert a claim under § 1981 if the plaintiff "is injured as a result of his or her efforts to defend the rights of non-whites."  <u>Schultz v. Wilson</u>, No. 08-1023, 2008 WL 5351780, at \*8 (3d Cir. Dec. 23, 2008) (per curiam) (quoting <u>Alder v. Columbia Historical Soc.</u>, 690 F. Supp. 9, 15 (D.D.C. 1988)); <u>see also</u> <u>McDonald v. Santa Fe Trail Transp. Co.</u>, 427 U.S. 273, 286-87 (1976).

In the instant matter, plaintiffs have alleged that Johnny and J.R. are members of a racial minority, that Hicks uttered racially offensive comments, and that Angela spoke with Bolognese to alleviate this conduct.  Bolognese and CPYSL allegedly responded by denying plaintiffs contract rights secured by the payments made to register J.R. in the soccer club.  These allegations are sufficient to raise a minimally plausible inference that Bolognese and the league deprived plaintiffs of access to the soccer club on an improper basis.

Moreover, the complaint does not describe all of Hicks's allegedly offensive comments, nor does it discuss the league's appeals procedure or the extent of Bolognese's duties and responsibilities as league president.  Without a complete depiction of these facts and others surrounding plaintiff's allegations, the court is ill-equipped to evaluate the context of Hicks's statements and the moving

defendants's response to them.[6]  The court will therefore deny the motion so that

defendants may develop a factual record with respect to these issues and re-assert

them in a summary judgment posture.

     An appropriate order follows.



                S/ Christopher C. Conner
               CHRISTOPHER C. CONNER
               United States District Judge


Dated:     January 9, 2009

---

[6]Bolognese and CPYSL rely upon Seaton v. University of Pennsylvania, No. Civ.A. 01-2037, 2001 WL 1526282 (E.D. Pa. Nov. 30, 2001), for the proposition that mere inaction such as that of Bolognese and CPYSL cannot support liability under § 1981.  In Seaton, an African American patron of a photocopy shop filed a § 1981 claim after a white patron entered the shop while the plaintiff was waiting in line. Id. at *1.  The white patron received service in advance of the plaintiff.  Id.  Plaintiff instituted suit against both the operators of the shop and the white patron.  The court granted the patron's motion to dismiss, concluding that civil rights liability cannot attach against a defendant whose conduct, through mere happenstance, becomes the catalyst for a putative civil rights claim.  Id. at *5-6.  In the instant matter, the legal relationship among plaintiffs, Bolognese, and CPYSL is not one of simple coincidence.  Unlike in Seaton, plaintiffs allege that a contractual relationship existed among the parties, that defendants knew of Hicks's purportedly improper conduct, and that they adversely responded by barring plaintiffs from club events.  Construing the complaint in the light most favorable to plaintiffs, it is plausible that this omission could rise to the level of a civil rights violation. Accordingly, Seaton does not compel dismissal of the § 1981 claim against the moving defendants.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA ROBINSON and JOHNNY, ROBINSON, individually and as the parents of minor plaintiff, J.R.,** | : : : : | **CIVIL ACTION NO. 1:07-CV-1751** **(Judge Conner)** |
| **Plaintiffs** | : : | |
| **v.** | : : | |
| **ERIC HICKS, TINA KING, THE CITY OF HARRISBURG, SHARON BOLOGNESE, and CPYSL,** | : : : : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of January, 2009, upon consideration of the motion to dismiss (Doc. 24) filed by Sharon Bolognese and CPYSL, and, for the reasons set forth in the attached memorandum, it is hereby ORDERED that:

1.   The motion to dismiss (Doc. 24) is DENIED in part and DENIED as moot in part as follows:

    a.   The motion to dismiss is DENIED as moot insofar as it seeks dismissal of a civil rights claim under the Thirteenth Amendment.

    b.   The motion is DENIED in all other respects.

2.   The Clerk of Court is instructed to AMEND the docket so that the minor plaintiff herein appears as "J.R."

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge