# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA ROBINSON, JOHNNY ROBINSON, individually and as the parents of minor plaintiff, and J.R., | : CIVIL ACTION NO. 1:07-CV-1751 : : (Judge Conner) |
| Plaintiffs | : |
| v. | : |
| ERIC HICKS, TINA KING, THE CITY OF HARRISBURG, SHARON BOLOGNESE, and CPYSL, | : : : |
| Defendants | : |

## MEMORANDUM

Presently before the court are defendants' motions (Docs. 35, 37) to disqualify Donald A. Bailey, Esquire ("Attorney Bailey") as counsel for plaintiffs. For the reasons that follow, the motions will be denied, and defendants will be granted leave to renew their challenge to Attorney Bailey's representation following conclusion of summary judgment proceedings.

### A. Background

Plaintiffs herein advance claims for First Amendment retaliation, deprivation of their substantive due process rights, and violations of 42 U.S.C. § 1981(a) and the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. §§ 951-963. Plaintiffs Angela Robinson, who is Caucasian, and Johnny Robinson, who is African American, (hereinafter collectively "the Robinsons") contend that defendants discriminated against their minor daughter, J.R., on the basis of race. They allege that defendant Central Pennsylvania Youth Soccer League ("CPYSL") and its president,

defendant Sharen[1] Bolognese ("Bolognese"), failed to respond to racially insensitive remarks made in April 2007 by J.R.'s coach, defendant Eric Hicks, thereby violating their constitutional and statutory rights.

Defendants filed the instant disqualification motions because Attorney Bailey, whose daughter also plays on a CPYSL team, has avowedly witnessed racially motivated decision-making by CPYSL and Bolognese in the past. On November 5, 2006, Attorney Bailey attended a soccer game during which a referee called a foul on his daughter. (Doc. 35, Ex. A6.)[2] The referee believed that Attorney Bailey made an inappropriate comment following the call. (Id.) Though Attorney Bailey denies uttering an indecorous remark, the referee directed him to leave the

---

[1] Plaintiffs' complaint identified Bolognese's forename as Sha*ro*n. During her deposition, Bolognese testified that the correct spelling is Sha*re*n. (Doc. 35, Ex. B at 4.)

[2] Exhibit A to defendants' motion consists of several pieces of correspondence. For ease of reference, the court will identify each document by reference to the following exhibit numbers:

| *Exhibit Number* | *Document Description* |
|---|---|
| A1 | Letter dated March 5, 2007 from Pasquale Schiano to Attorney Bailey (1 page in length) |
| A2 | Letter dated March 13, 2007 from Attorney Bailey to CPYSL, SSC, and Referee "X" (11 pages in length) |
| A3 | Email dated January 22, 2007 from Bolognese to Matt Kramer (1 page in length) |
| A4 | Email string between Adrienne Bailey and Bolognese containing emails dated November 5-7, 2006 (3 pages in length) |
| A5 | Email string between Adrienne Bailey and Bolognese containing emails dated November 5, 2006 (2 pages in length) |
| A6 | Email dated November 5, 2006 from Adrienne Bailey and Bolognese (1 page in length) |

field and escorted him down the sideline. (Doc. 35, Ex. A2 at 3.) During the exodus, Attorney Bailey stated to the referee: "[Y]ou're acting like an anal sphincter." (Id.)

Attorney Bailey's expulsion from the game precipitated a series of hostile communications among Bolognese, Attorney Bailey, and Adrienne Bailey ("Ms. Bailey"), who is Attorney Bailey's wife. (Doc. 35, Exs. A2 & A4.) The situation ended when Attorney Bailey agreed to write a letter of apology to the referee to whom he made the crude remark. In addition to expressing contrition, Attorney Bailey's apology letter charges that Bolognese engaged in acts of racially disparate treatment toward CPYSL players and parents on numerous occasions. (Doc. 35, Ex. A2 at 3-5.) The letter alleges, *inter alia*, that Bolognese and CPYSL have promulgated "unfair and prejudicial policies," (id. at 2), performed "arbitrary actions . . . motivated by improper . . . concerns," (id. at 4), and "violated the civil rights laws of our country," (id. at 5).[3]

Attorney Bailey's daughter and the above-captioned minor plaintiff do not play for the same soccer team. Bolognese and CPYSL are the only defendants named herein who participated both in the conduct alleged in the Robinsons' complaint and the situation that produced Attorney Bailey's "apology" letter. Nonetheless, defendants contend that Attorney Bailey's interaction with Bolognese and CPYSL may require him to testify at trial, and they move to disqualify him as

---

[3]The court expresses no opinion with regard to the veracity of Attorney Bailey's accusations.

3

plaintiffs' counsel of choice. The parties have fully briefed this issue, which is now ripe for disposition.

**B.    Discussion**

Rule 3.7(a) of the Pennsylvania Rules of Professional Conduct (hereinafter "Rule 3.7(a)") prohibits an attorney from "act[ing] as an advocate at a trial in which the lawyer is likely to be a necessary witness." PA. R. PROF'L CONDUCT 3.7(a); see also L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct). Local Rule 43.1 mirrors this policy, requiring attorneys to withdraw as trial counsel if they "become[] a witness on behalf of a client and give[] evidence upon the merits of the case." L.R. 43.1. These rules demarcate the role of a trial advocate from that of a witness: "A witness is required *testify* on the basis of personal knowledge, while an advocate is expected to *explain and comment* on evidence given by others." PA. R. PROF'L CONDUCT 3.7 cmt. [2] (emphasis added). A risk of confusion arises when an attorney fulfills both roles because jurors may be unable to distinguish the attorney's testimony from his or her advocacy. See id.

"The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible." Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994); accord Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., 327 B.R. 200, 204 (D. Del. 2005). The court will not disqualify an attorney merely because the attorney possesses personal knowledge of the case. Rather, the movant must demonstrate that opposing counsel "has crucial information in his possession which must be divulged" and that will require the

4

attorney to take the stand at trial. PA. R. PROF'L CONDUCT 3.7(a); L.R. 43.1; Elec. Lab. Supply Co. v. Motorola, Inc., No. 88-4494, 1990 WL 96202, at *2 (E.D. Pa. July 3, 1990) (quoting Universal Athletic Sales Co. v. Am. Gym. Recreational & Athletic Equip. Corp., 546 F.2d 530, 538 n.21 (3d Cir. 1976)).

Courts are generally reluctant to disqualify counsel from pretrial proceedings under Rule 3.7(a) and Local Rule 43.1. See Javorski v. Nationwide Mut. Ins. Co., No. 3:06-CV-1071, 2006 WL 3242112, at *9 (M.D. Pa. Nov. 6, 2006) (holding that Local Rule 43.1 does not prevent an attorney who has personal knowledge of a plaintiffs' claims from handling pretrial matters); Foster v. JLG Indus., 372 F. Supp. 2d 792, 798 (M.D. Pa. 2005) (same with respect to Rule 3.7(a)). Pretrial matters, which are conducted by skilled legal practitioners, do not implicate the risk of juror confusion associated with evidentiary presentations at trial. See Phila. Bar Ass'n Prof'l Guidance Comm., Guidance Request 88-35, 1988 WL 236414, at *1 (1988) ("[E]ven if [an attorney is] a 'necessary witness' . . . [the attorney is] not precluded from representing [the client] in pre-trial proceedings."). It is often difficult to predict whether an attorney's testimony will be necessary until discovery closes,[4] and

---

[4]"A deposition of opposing counsel is not encouraged and is typically permitted only where a clear need is shown." Pyne, 1997 WL 634370, at *2 (citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986)). Nevertheless, an attorney may be subject to discovery if the attorney participated in the events underlying the lawsuit and the discovery does not violate the attorney-client privilege. Id. (quoting Shelton, 805 F.2d at 1327); Aamco Transmissions, Inc. v. Baker, No. Civ.A. 06-5252, 2008 WL 509220, at *3 (E.D. Pa. Feb. 25, 2008) (identifying factors that a court must consider when confronted with a request to depose opposing counsel).

5

deferring disqualification issues allows the court to gain familiarity with the factual underpinnings of a case through the dispositive motion process. This experience enables the court to better assess whether counsel possesses pertinent information, whether such information is likely to be admissible at trial, and whether an alternate witness is available to introduce the testimony. See Pa. Bar Ass'n Comm. on Legal Ethics & Prof'l Responsibility, Informal Op. 96-15, 1996 WL 928125 (1996). Hence, even when opposing counsel has played a role in the underlying facts of a case, courts generally decline to consider disqualification under Rule 3.7(a) and Local Rule 43.1 prior to dispositive motions. Evans v. Chichester Sch. Dist., 533 F. Supp. 2d 523, 538 & n.20, 539 (E.D. Pa. 2008) (denying motion to disqualify plaintiff's counsel on the ground that counsel was a plaintiff in a related lawsuit arising from the same set of facts); Foster, 372 F. Supp. 2d at 798-99 (allowing defendants' counsel to continue representation despite counsel's alleged participation in the harm described in the complaint); Pyne v. Procacci Bros. Sales Corp., No. Civ.A. 96-7314, 1997 WL 634370, at *1 (E.D. Pa. Oct. 8, 1997) (refusing to disqualify defendants' attorney, who attempted to mediate the claim between the parties before institution of litigation and therefore possessed personal knowledge of the history of the case).

In the instant matter, defendants' request to disqualify Attorney Bailey is premature. The conflict between Attorney Bailey and Bolognese did not contribute to the harms alleged in the complaint, and—at this early stage of litigation—it appears to bear only tangential relevance to the Robinsons' claims. Attorney

6

Bailey's allegations of racial motivation by Bolognese merely recount his opinion about a situation distinct from the facts described in the complaint. At present, it is unclear whether these circumstances will be admissible at trial or whether another witness—such as Ms. Bailey—could testify about them. Completion of discovery and dispositive motions is necessary to allow the court to make an informed assessment of the relevance of Attorney Bailey's conduct and the availability of alternate witnesses. Defendants' disqualification motions will therefore be denied without prejudice to their right to renew the motions following summary judgment proceedings.[5]

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: April 28, 2009

---

[5] The court expresses no opinion regarding the extent to which defendants may employ discovery to explore the conflict between Attorney Bailey and Bolognese. Defendants may inquire about this dispute and its relationship to the present case in any manner consistent with the Federal Rules of Civil Procedure.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA ROBINSON, JOHNNY ROBINSON, individually and as the parents of minor plaintiff, and J.R., | : CIVIL ACTION NO. 1:07-CV-1751 : : (Judge Conner) |
| Plaintiffs | : |
| v. | : |
| ERIC HICKS, TINA KING, THE CITY OF HARRISBURG, SHARON BOLOGNESE, and CPYSL, | : : : |
| Defendants | : |

## ORDER

AND NOW, this 28th day of April, 2009, upon consideration of the motions (Docs. 35, 37) to disqualify Donald A. Bailey, Esquire ("Attorney Bailey") as counsel for plaintiffs, and for the reasons set forth in the attached memorandum, it is hereby ORDERED that:

1. The motions (Doc. 35, 37) are DENIED without prejudice to defendants' right to renew them as described in Paragraph 2.

2. Defendants may renew their disqualification request in accordance with the following schedule:

    a. Any disqualification request shall be filed within fourteen (14) days after the court issues a ruling on dispositive motions.

    b. In the absence of dispositive motions, disqualification requests shall be due no later that fourteen (14) days following the dispositive motion deadline.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge