THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA ROBINSON, et al.          :
                                 :
         Plaintiffs              :
v.                               :    1:07-cv-1751
                                 :    (JUDGE MARIANI)
ERIC HICKS, et al.               :
                                 :
         Defendants              :

## MEMORANDUM AND ORDER

On November 15, 2011, Plaintiffs filed the instant Motion to Open Judgment (Doc. 90) pursuant to FED. R. CIV. P. 60(b). Plaintiffs' Motion does not identify the subdivision or subdivisions of Rule 60(b) under which they filed their Motion. Rule 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A careful review of the Plaintiffs' Motion leads unavoidably to the conclusion that Plaintiffs' Motion is founded upon Subsection (6) of Rule 60(b). Plaintiffs' Motion raises and repeats a single basis for their claim for relief, that they were deprived of a fair hearing because the Court harbored what they term "long term bias and prejudice" against the attorney who represented them in this matter, Don Bailey, Esquire. Thus, in paragraph 2 of their Motion, Plaintiffs allege:

> The principal basis from which this Motion flows is evidenced in the public record that Mr. Bailey has been targeted and treated differently, and prejudicially, due to the nature of the cases he files, of which mine was one. Judge Conner allegedly recused himself in connection with disciplinary proceedings pending in the Pennsylvania Supreme Court Disciplinary Board, and in the Middle District. Judges Kane, Conner and Jones all recused themselves on or about the same day, and Judge Scirica of the Third Circuit has also recused himself from Mr. Bailey's cases. Mr. Bailey has alleged these Judges and others have engaged in misconduct. (Plaintiffs' Motion To Open, Doc. 90, ¶ 2)

Further, Plaintiffs assert that "there is an abundance of evidence . . . that has shown that Judge Conner had a long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of our case and has given us very reasonable cause to believe that we have been adversely affected and had our case improperly dismissed as a part of a pattern of conduct to hurt and harm Mr. Bailey and the civil rights clients that he represents, of which we are two." (Plaintiffs' Motion To Open, Doc. 90, ¶ 3) The Plaintiffs further aver that Judge Conner is guilty of treating their attorney, Mr. Bailey, "and by extension

[themselves] as litigants, in a demonstrably egregious and hostile manner." (Plaintiffs' Motion To Open, Doc. 90, ¶ 6)

Plaintiffs filed their Complaint in this matter on September 26, 2007 against the City of Harrisburg, Eric Hicks, and Tina King. (Doc. 1)

On April 28, 2008, Plaintiffs filed an Amended Complaint naming the Central Pennsylvania Youth Soccer League ("CPYSL") and Sharon Bolognese. (Doc. 16) Previously, the Plaintiffs had filed an Amended Complaint without first having sought leave of Court to do so. The Court struck the Amended Complaint without prejudice to the Plaintiffs' right to move for leave to amend their pleadings. (Doc. 12) Thereafter, Plaintiffs filed a Motion For Leave to File An Amended Complaint, which was granted by Judge Conner on April 23, 2008. (Doc. 15)  As noted above, the Plaintiffs again filed their Amended Complaint against all Defendants, in response to which Defendants, CPYSL and Bolognese, filed a Motion To Dismiss. (Doc. 24)  Plaintiffs requested an extension of time within which to file their Brief In Opposition to the Motion To Dismiss, which Judge Conner granted by Order dated July 2, 2008. (Doc. 27)

On January 9, 2009, Judge Conner entered an Order denying the Motion to Dismiss of Defendants, CPYSL and Bolognese. (Doc. 34)  After Defendants, CPYSL and Bolognese, filed an Answer to the Amended Complaint (Doc. 39), Defendants moved to disqualify Attorney Bailey as counsel for the Plaintiffs. (Docs. 35, 37)  Judge Conner, on April 28, 2009, denied the Motion to Disqualify Attorney Bailey.

3

The record further reflects that Judge Conner granted a number of requests to extend the discovery deadlines and trial date. (Docs. 21, 30, 44, 47, 49 and 52)

On March 22, 2010, Defendants, CPYSL and Bolognese, filed a Motion For Summary Judgment. (Doc. 53) Defendants, City of Harrisburg, Eric Hicks and Tina King, also moved for summary judgment. (Doc. 58)

On August 3, 2010, Judge Conner referred the pending Motions for Summary Judgment to Magistrate Judge William T. Prince. (Doc. 79)

On December 2, 2010, Magistrate Judge Prince submitted a Report and Recommendation in which he recommended that Defendants' Motions For Summary Judgment be granted. (Doc. 80) The Plaintiffs filed Objections to the Report and Recommendation (Doc. 81), and on February 1, 2011, the Court, per Judge Conner, entered an Order adopting the Report and Recommendation of Magistrate Judge Prince and thereby granted Defendants' Motions For Summary Judgment. (Doc. 83)

Plaintiffs filed a timely Appeal to the Third Circuit Court of Appeals on February 1, 2011. (Doc. 86)

The Court of Appeals, on November 8, 2011, entered an Order affirming the grant of summary judgment in favor of the Defendants. *See, Angela Robinson v. Eric Hicks,* No. 11-1476. The record in this case shows that the Plaintiffs did not at any time in the proceedings in District Court file a motion seeking to recuse Judge Conner. Nor did the Plaintiffs raise

their claim of "long-term bias and prejudice against Mr. Bailey or their claim of treatment 'in a demonstrably egregious and hostile manner,'" in their Brief in support of their appeal.

The Court of Appeals has made clear that "[b]ecause parties have a strong interest in the finality of judgments, '[t]his Court has . . . cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances.'" *Curran v. Howmedica Osteonics*, 425 Fed.Appx. 164, 166 (3d Cir. 2011) (citing *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)).

> The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Zahl v. Harper,* 403 Fed.Appx. 729 (3d Cir. 2010), at 733. *See also, Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 911 (3d Cir. 1977). Further, a motion under Rule 60(b) must be made within a reasonable time and, for the reasons set forth in Subdivisions (1), (2) and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. Pro. 60(c)(1)(A). 425 Fed.Appx. at 166.

For the reasons that follow, Plaintiffs' Motion to open judgment under Rule 60(b) will be denied.

First, this Court lacks jurisdiction over Plaintiffs' Motion because (1) Plaintiffs' belief that Judge Conner was moved by bias, prejudice and hostility against their counsel, Attorney Don Bailey, and derivatively, against them, was held by Attorney Bailey and the Plaintiffs before Judge Conner's entry of summary judgment against Plaintiffs on February 1, 2011; (2) Plaintiffs and Attorney Bailey did not move to recuse Judge Conner at any time during the proceedings in this case in the District Court; (3) Plaintiffs' claims of bias, hostility

and prejudice were not asserted in their appeal to the Third Circuit Court of Appeals from Judge Conner's entry of summary judgment against them; and (4) the claims of prejudice, bias and hostility could have been asserted in that appeal, i.e., Plaintiffs' claims did <u>not</u> first come to light <u>after</u> the Circuit Court had issued its decision, but instead were includable in Plaintiffs' appeal of the District Court's ruling against them.

In *Seese v. Volkswagenwerk*, 679 F.2d 336 (3d Cir. 1982). The Third Circuit, in affirming the District Court's Order denying a motion brought under Rule 60(b)(6), stated:

> The District Court is without jurisdiction to alter the mandate of this Court on the basis of matters included or includable in Defendants' prior appeal. *See, Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979); *Tapco Products Co. v. Van Mark Products Corp.*, 466 F.2d 109, 110 (6th Cir. 1972). 679 F.2d 337.

The Court in *Seese* resolved any tension between its decision and the decision of the Supreme Court in *Standard Oil v. United States*, 429 U.S. 17, 50 L.Ed.2d 21, 97 S.Ct. 31 (1976), by explaining:

> In that case the Supreme Court held that a district court could consider a Rule 60(b) motion to reopen the case, which had been appealed, without seeking leave of the Appellate Court to recall its mandate. The Court stated that, 'the appellate mandate relates to the record and issues then before the Court, and does not purport to deal with possible later events. Hence, the District Judge is not flaunting the mandate by acting on the motion.' *Id.* at 18. In the present case, however, the basis of the Rule 60(b)(6) motion was before this Court and the Supreme Court, and thus could not be considered by the District Court. *Id.* at 337.

In *Bernheim v. Dr. Martin Jacobs*, 144 Fed.Appx. 218 (3d Cir. 2005), the Court in concluding that the District Court lacked jurisdiction of Bernheim's Rule 60(b) motion, further

harmonized its decision in *Seese* and the Supreme Court's decision in *Standard Oil* as follows:

> Read together, *Standard Oil* and *Seese* distinguished between a Rule 60(b) motion based on matters that were before the Court on appeal, which may not be reviewed subsequently by the district court and a Rule 60(b) motion based on matters that came to light after the appellate court has issued a decision, which properly may be reviewed by the district court. 144 Fed.Appx. at 222.

Affirming the District Court's determination that it lacked jurisdiction of Bernheim's Rule 60(b) motion, the Court noted that Bernheim had been "unsuccessful at the appellate level," and had returned to the District Court where he filed a Rule 60(b) motion for relief from the District Court's entry of summary judgment against him. The motion sought relief under Rule 60(b)(1) on the grounds that "Bernheim's failure to file a timely brief in the Third Circuit was due to 'excusable neglect' and that the District Court had committed legal error constituting 'mistake'." *Id.* at 221. The Court of Appeals rejected the argument of *Bernheim* on the basis that all of the arguments and claims Bernheim wished to make were "includable" in Bernheim's prior appeal and did not turn on events that occurred after the appeal was dismissed. Thus, the Court wrote:

> We next consider whether the District Court had jurisdiction over Bernheim's 'legal error' claim, as to which he proceeded under Rule 60(b)(1) and (6). Because this Court dismissed Bernheim's appeal, it did not have occasion to consider whether the District Court erred in granting Appellee's summary judgment motion. However, this Court's inability to review the District Court's decision was the result of Bernheim's failure to file a brief within the time this Court had specified. All of the legal error arguments presented to the District Court in the Rule 60(b) motion were 'includable' in Bernheim's prior appeal and did not turn on events that

7

occurred after the appeal was dismissed. Accordingly, under *Seese,* the District Court lacked jurisdiction to entertain the 'legal error' aspect of Bernheim's motion. 144 Fed. Appx. at 223.

Likewise, in this case, the arguments presented to the District Court by the Plaintiffs in their Rule 60(b) motion were "includable" in their prior appeal of the District Court's entry of summary judgment against them. The Defendants, CPYSL and Sharon Bolognese, in their Brief In Opposition To Plaintiffs' Motion To Open Judgment, make reference to an August 19, 2010 Motion For Rehearing *En Banc* filed by Attorney Bailey in the Third Circuit Court of Appeals in the case of *Lewis v. Smith,* No. 08-3800. A copy of the Motion For Rehearing filed by Attorney Bailey in the *Smith* case is attached to the Brief of Defendants, CPYSL and Sharon Bolognese, In Opposition To Plaintiffs' Motion To Open as Exhibit 12 and labeled Exhibit L. The Motion was submitted over the signature of Mr. Bailey. In that Motion, Mr. Bailey asserted that he "has very clearly made his belief and position known in the past that he, and more importantly his clients, are being hurt and harmed by and through an unlawful series of actions among and between members of the federal judiciary and, perhaps, certain preferred attorneys and law firms, including, among others, Judges Jones, Conner and Kane of the Middle District, and Judge Scirica of this Court." (Motion For Rehearing *En Banc,* ¶ 2) Mr. Bailey further asserted in paragraph 3 of the Motion For Rehearing *En Banc* in the *Smith* case that he was "given information that Judges McClure, Muir and Rambo were intending to use their positions to harm Mr. Bailey's legal practice, i.e., they were out to 'get him'. More recently, Judges Jones and Conner are believed to have bought into this

highly unethical 'clique', as evidenced by both their judicial demeanor toward the undersigned and his clients and as reflected by many of their memoranda and orders and by their very deliberate efforts to have the Pennsylvania Office of Disciplinary Counsel pursue overzealous actions against the undersigned. . . ." There are other assertions by Mr. Bailey in the Smith case Motion For Rehearing en banc which leave no question that Mr. Bailey had as of the date of the filing of that motion, August 19, 2010, formed the belief and opinion that a number of judges of the Middle District of Pennsylvania, including Judge Conner, harbored prejudice, bias and hostility toward him. See pp. 1-9, 11, 13-16 and 19-22 of Exhibit 12 to the Brief of Defendants CPYSL and Bolognese In Opposition To Plaintiffs' Motion To Open.

Attorney Bailey's assertions in the Petition For Rehearing En Banc in the Smith case establish that he held the belief, as early as August 19, 2010 (and likely much earlier), that Judge Conner was biased, prejudiced and hostile to him. Thus, Attorney Bailey could have raised these claims of bias, prejudice and hostility in the District Court in this matter before Judge Conner's adoption of the Magistrate Judge's Report and Recommendation on February 1, 2011 and his entry of summary judgment in favor of the Defendants. Moreover, the Plaintiffs themselves, in their Reply Brief In Support of Motion To Open Judgment, acknowledged that "Mr. Bailey did tell us that there was an agenda to get him, and its absurd to say that we should have sued Judge Conner or raised these issues that our attorney raised back then without learning these things for ourselves." (Reply Brief, Doc. 92,

p. 3) To be sure, the Plaintiffs have also written that "[w]e did not find out about all of this until we learned of the disciplinary proceedings against Mr. Bailey", (Reply Brief, Doc. 92, p. 3). But the Plaintiffs do not state when they learned of the disciplinary proceedings against Mr. Bailey. But Plaintiffs, while represented by Attorney Bailey, did not seek recusal of Judge Conner at any time in the proceedings before the District Court and did not raise any issue of bias, hostility or prejudice or any claim that Judge Conner should have recused himself in their appeal to the Third Circuit Court of Appeals. In accordance with Seese, supra, and Bernheim, supra, the related issues of bias, prejudice and hostility, and recusal, were includable and could have been included by Plaintiffs in their appeal to the Circuit Court. Thus, this Court lacks jurisdiction to rule upon Plaintiffs' Rule 60(b) Motion To Open Judgment after the affirmance by the Third Circuit of the District Court's entry of summary judgment against them.

Second, the Plaintiffs have come forward with no facts or evidence to support their application for Rule 60(b) relief.

Even if this Court had jurisdiction to address Plaintiffs' Motion, the Plaintiffs have failed to support their application for Rule 60(b) relief with the presentation of facts and evidence which would cause a reasonable person to question the District Court's impartiality. Here, Plaintiffs seek to open the judgment against them on the basis of bias, prejudice and hostility. The basis for recusal set forth in 28 U.S.C. § 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, Subsection (b)(1) of Section 455 requires a judge to abstain where there exists "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In making this determination, a court must determine "whether a reasonable person, with knowledge of all the facts, would conclude that the Judge's impartiality might reasonably be questioned." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007).

In making a determination with respect to the Court's impartiality, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Further, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias as they are "within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id.

In this case, however, the Plaintiffs' Motion To Open Judgment contains no evidence or reference to evidence in the record to show that any determination made in their case was the result of bias, prejudice or hostility on the part of Judge Conner. Nor have the Plaintiffs pointed to evidence which would tend to show "a deep-seated favoritism or antagonism" that would have made a fair judgment by Judge Connor impossible. Liteky,

11

*supra.* The Plaintiffs cite as the "principal basis" for their Motion, "evidence in the public record that Mr. Bailey has been targeted and treated differently, and prejudicially, due to the nature of the cases he files . . . ." (Motion To Open Judgment, Doc. 90, p. 1) Yet, no such evidence may be found in the record.

Similarly, Plaintiffs assert that "there is an abundance of evidence which has been revealed and continues to be revealed in connection with the Pennsylvania disciplinary proceedings that has shown that Judge Conner had a long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of our case, and has given us very reasonable cause to believe that we have been adversely affected and had our case improperly dismissed as part of a pattern of conduct to hurt and harm Mr. Bailey and the civil rights clients that he represents, of which we are two." (*Id.*) Plaintiffs do not proceed beyond these conclusory statements to identify the "abundance of evidence" which they assert shows bias on the part of Judge Conner. Further, a review of the proceedings in this case show that Judge Conner exhibited no bias, prejudice or hostility toward the Plaintiffs or their counsel. For example, when the Plaintiffs filed an Amended Complaint without first having sought leave of Court to do, the Court struck the Amended Complaint but did so without prejudice to the Plaintiffs' right to move for leave to amend their pleadings. Thereafter, when Plaintiffs filed the appropriate motion for leave to file an amended complaint, it was granted by Judge Conner. When Plaintiffs requested an extension of time within which to file their Brief In Opposition To The Motion To Dismiss filed by Defendants,

Judge Conner granted that Motion by Order dated July 2, 2008. In the same vein, Judge Conner similarly denied the Motion To Dismiss of the Defendants, CPYSL and Bolognese (Doc. 34), and also denied the Defendants' Motion To Disqualify Attorney Bailey as counsel for the Plaintiffs. (Docs. 35, 37). Judge Conner adopted the Report and Recommendation of Magistrate Judge Prince, which recommended that summary judgment be entered against the Plaintiffs and in favor of the Defendants. Judge Conner's Order adopting the Report and Recommendation was preceded by a *de novo* review. There is nothing in the record to suggest that Judge Conner possessed or acted upon any bias, prejudice or hostility toward the Plaintiffs or their counsel.

The Plaintiffs' statement in paragraph 6 of their Motion To Open Judgment that "[w]e suggest that Judge Conner is guilty of treating our attorney, Don Bailey, and by extension ourselves as litigants, in a demonstrably egregious and hostile manner," presents a conclusion without foundation or support. The same is true with respect to the unsupported assertion of Plaintiffs in the aforesaid paragraph 6 that "Judge Connors' dismissal of our case follows a pattern of violating the standard of review and wrongfully dismissing meritorious cases." Plaintiffs do no more than assert this conclusory belief, while failing to present any fact to support it. As Judge Caputo of this Court wrote in *Dock, et al. v. Rush, et al.,* 2012 U.S. Dist. LEXIS 3231, in denying a motion to open judgment under Rule 60(b) brought by the clients of Attorney Bailey who made the identical allegations of bias, prejudice and hostility against Judge Jones of this Court as are made in this case with

respect to Judge Conner: "There are no concrete facts pertaining to the instant matter that would suggest any 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* at p. 5.

A third basis requires the denial of Plaintiffs' Motion To Open Judgment. In *Selkridge v. United of Omaha Life Insurance Co.,* 360 F.3d 155 (3d Cir. 2004), the Court ( citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988)), explained that a court, in deciding whether to vacate a final judgment, should "consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." 360 F.3d at 171 (quoting *Liljeberg, supra,* at 864). The *Selkridge* court also recognized that "[t]he *Liljeberg* court expressly noted that 'as in other areas of the law there is . . . room for harmless error' in Section 455(a) analysis, *Id.* at 862, and we have heretofore read that case [*Liljeberg*] as approving harmless error analysis when applied with sensitivity not only to the interests of the parties, but also to the interests of other litigants and to the public's interest in the integrity of the court system." (Citations omitted) *Id.* at 171. Accordingly, the Court delineated two options for the fashioning of a remedy in the circumstance where the District Court should have recused itself:

> (1) We can vacate the Orders before us and remand with instructions that the cases be reassigned to a new district judge for resolution of the pending motions and possible further proceedings; or
>
> (2) We can independently review the record and determine whether the *res judicata* and Rule 60(b) issues were correctly decided as a

14

matter of law and remand only in the event they were not, reasoning that, if impartial decision makers of this Court, in addition to finding a violation of Section 455(a), independently approved the orders at issue, any error is harmless and Omaha is fairly entitled to its judgments. Where, as here, it appears clear that the failure to recuse did not affect the dispositions of the Plaintiffs' claims and a remand, accordingly, would only prolong the litigations, we conclude that the second approach is the appropriate one. 360 F.3d at 171.

It must be emphasized that the Plaintiffs did not at any time seek recusal of Judge Conner in the proceedings before him. Even had they done so, however, and further, even if a basis for recusal could have been shown, the Third Circuit's plenary review and affirmance of Judge Conner's entry of summary judgment against the Plaintiffs eliminates any possible basis on which the Plaintiffs' Motion To Open Judgment could be granted.

Finally, the Plaintiffs' Motion To Open Judgment is untimely. Rule 60(c)(1) provides that "a motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." A motion to open a judgment founded upon an alleged failure of a judge to recuse himself or herself due to bias must be raised "at the earliest possible moment after obtaining knowledge of acts demonstrating the basis for such a claim." *Cooney v. Booth*, 262 F.Supp.2d 494, 503 (E.D. Pa. 2003).

In this case, the Plaintiffs did not move to recuse Judge Conner during the proceedings against him. The Plaintiffs waited until Judge Conner had granted Defendants, CPYSL and Bolognese, summary judgment and the Third Circuit affirmed that decision on appeal. As previously noted, the Plaintiffs' attorney on August 19, 2010 filed a Motion For

15

Rehearing *En Banc* in *Lewis v. Smith, supra,* which he asserted that he "has very clearly made his belief and position known in the past that he, and more importantly his clients are being hurt and harmed by and through an unlawful series of actions among and between members of the federal judiciary . . . including among others, Judges Jones, Conner and Kane of the Middle District . . . ." He further asserted that Judge Conner was "out to get him," as were other members of the Court, which he termed a "highly unethical clique." The Motion For Rehearing in *Smith* was filed at the same time Mr. Bailey represented the Plaintiffs in this case and before Judge Conner granted Defendants' Motion For Summary Judgment almost six months later on February 1, 2011.

As District Court Judge Vanaskie, now Circuit Judge Vanaskie, wrote in *George N. Pegula Agency, Inc. v. Monumental Life Insurance Co.,* 1999 U.S. Dist. LEXIS 23196 (M.D. Pa. 1999):

> The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the Court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming. *Smith v. Danyo,* 585 F.2d 83, 86 (3d Cir. 1978).

Further, Judge Vanaskie wrote:

> This judicially-imposed timeliness requirement under § 455(a) arises from the concern that a party will use § 455(a) as a tactical weapon only to be used if needed. See *United States v. Vadner,* 160 F.3d 263, 264 (5th Cir. 1998) ('The most egregious delay – the closest thing to per se untimeliness – occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the Judge before raising the issue of recusal.'); *Rabuska v. Crane Co.,* 122 F.3d 559, 566 (8th Cir.

16

1997) (finding that where party waited until after summary judgment was entered against it, a recusal motion under § 455(a) was untimely), *cert. denied,* 523 U.S. 1040, 118 S.Ct. 1336, 140 L.Ed.2d 498 (1998); *United States v. Rogers,* 119 F.3d 1377, 1380 (9th Cir. 1997) ('As we have often stated, a party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention.'); *In Re. Kansas Public Employees Retirement Sys.,* 85 F.3d 1353, 1360 (8th Cir. 1996) ('We subscribe to the view that motions to recuse should not be "viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings."') (quoting *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1077, 1081 (D. Colo. 1991)); *Brinkworth,* 68 F.3d at 639 ('We have noted that "prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."') (quoting *In Re. IBM,* 618 F.2d 923, 932 (2d Cir. 1980)); *United States v. York,* 888 F.2d 1050, 1055 (5th Cir. 1989) ('A timeliness requirement forces the parties to raise the disqualification issue at a reasonable time in the litigation. It prohibits knowing concealment of an ethical issue for strategic purposes . . .') [additional citations omitted]." (1999 U.S. Dist. LEXIS 23196, *12)

In this case, Plaintiffs' Rule 60 motion was made after the entry of summary judgment against them and after that judgment was affirmed by the Court of Appeals. The Plaintiffs cannot demonstrate good cause for their delay in presenting their Motion To Open Judgment and it, therefore, must be deemed untimely.

## Conclusion

For the reasons set forth in this Memorandum, Plaintiffs' Motion To Open Judgment will be **DENIED**. An appropriate Order follows:

Date: March 9, 2012

Robert D. Mariani
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA ROBINSON, et al. | : |
| **Plaintiffs** | : |
| v. | : 1:07-cv-1751 |
| | : (JUDGE MARIANI) |
| ERIC HICKS, et al. | : |
| **Defendants** | : |

## ORDER

NOW, this ___9th___ day of **March, 2012**, having considered Plaintiffs' Motion To Open Judgment pursuant to Federal Rule of Civil Procedure 60(b), **IT IS HEREBY ORDERED:**

Plaintiffs' Motion To Open Judgment is **DENIED.**

_____
Robert D. Mariani
United States District Judge